STEPHEN A. D. JONES, PLAINTIFF-APPELLEE, v. ROGER HARPER, HARRY C. HARPER AND WALTER HARPER, DOING BUSINESS AS HARPER BROTHERS, DEFENDANTS-APPELLANTS.

*Decided December 21, 1923.*

Negligence—Motor Vehicle Accident—Driving on Wrong Side of Road Does Not Per Se Constitute Actionable Negligence, But a Circumstance to Be Considered With Other Circumstances. Unless it Appears to Have Some Casual Relation to the Accident it Cannot Be Made Basis of Presumption of Negligence.

On appeal from the First Judicial District Court of Bergen County.

Before Justices KALISCH and KATZENBACH.

For the appellant, *William H. D. Cox* (*William B. Harley,* of counsel).

For the appellee, *Benjamin R. Buffett* (*Edward A. Kenny,* of counsel).

PER CURIAM.

According to the complaint filed in the action brought by the complainant in the court below against the defendant co-partnership the plaintiff and his wife were, on the 7th day of August, 1922, the owners of an automobile, which, on the day in question, while being operated and run by the plaintiff's wife along Grand avenue, a public street in Englewood, came into collision with defendant's motor truck, operated by one of their servants, whereby the plaintiff's wife was injured and the automobile damaged. The case was tried before the court, sitting with a jury, who found a verdict for the plaintiff against the defendants for $362.04, and on which verdict a judgment was entered, from which judgment the defendants have appealed to this court.

From the testimony it appears that the plaintiff's auto was proceeding north on Grand avenue, to the right of the middle of the road, at a speed of fifteen to twenty miles per hour. Mrs. Jones, the plaintiff's wife, testified that as she approached Linden avenue (which crosses Grand avenue in such a way as to form an acute angle with the same) she observed a truck on the left side. She then proceeds to say: "I didn't notice it particularly until I got almost to Linden avenue, and I noticed it just going along slowly on the left-hand side, going in the same direction that I was going, and, of course, I didn't pay any particular attention to it because it was unloading dirt and I noticed the piles of dirt there, and I supposed it was going to stay there; but all of a sudden it turned and started across in front of me, going up Linden avenue. * * * I was about two car lengths behind it when he cut across me. I wasn't exactly two car lengths, but I know I was very close to it, and I put on my brakes as hard as I could, and at the same time I turned my wheel in order to try to go with it, and on one side of me, on the right-hand side, was a big telegraph pole, and if I had turned any further I would have gone into that, crashed into it. So I crashed into him with my left front wheel."

At the close of the plaintiff's case counsel of defendant moved for a nonsuit, on several grounds, and now relies in his brief on two of them only: 1, that the evidence showed contributory negligence; 2, that no negligence was shown on the part of the defendants, Harper Brothers, by their servant or agent.

The motion for a nonsuit was properly denied. The driver of the automobile being on the right side of the road, and, according to her testimony, was operating her automobile at a reasonable rate of speed, she was not under any legal duty to anticipate that the driver of the truck would suddenly cut across from the left side of the road into the path of the oncoming automobile, at a time when it was within two car lengths or less from the place where the truck turned and was hit; so that, despite her efforts, she was not able to stop the automobile in time to avoid the collision. This was the

posture of the case when the plaintiff rested, and it is quite manifest that it presented questions of fact which necessitated its submission to a jury for determination, under proper legal direction.

At the close of the entire case counsel of defendants moved for a direction of a verdict for defendants; which motion was properly denied.

The defense was that the defendants' driver, before attempting to turn, put his hand out to indicate to those behind that he was about to make a turn, and at the same time he blew a whistle as a further warning, and, because the plaintiff's wife was operating her car at an excessive rate of speed, she was unable to stop the car in time to avoid a collision.

Of course, the jury was not bound to accept the defendants' driver's version of how the accident occurred in preference to the version given by the plaintiff's wife. The only effect of the driver's testimony was to raise a question of credibility of witnesses, which was pre-eminently for the jury to determine.

The trial judge, in obedience to a request submitted by counsel of plaintiff, charged the jury as follows: "I will charge you further that if the defendants' truck was moving on the wrong side of the street at the time or just prior to the collision then there is a presumption of negligence."

This is unsound as a legal proposition and was harmful error.

The mere fact that one is driving on the wrong side of a road does not *per se* constitute actionable negligence. It is a circumstance to be considered with the other circumstances of the case and unless it appears to have had some casual relation to the accident—that is, that it was one of the producing causes—it cannot be made the basis of a presumption of negligence.

Judgment is reversed and a *venire de novo* is awarded.